CoCA-CoLA BOTTLING COMPANY OF SACRAMENTO, LTD., PETITIONER, ET AL.,[1] *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 19828, 25082, 25083. Promulgated November 21, 1952.

*W. T. Fitzgerald, Esq.*, and *C. E. Musto, Esq.*, for the petitioner.
*W. J. McFarland, Esq.*, for the respondent.

SUPPLEMENTAL OPINION.

HARRON, *Judge:* The petitioners have filed a Motion for further consideration of these proceedings which has been granted.

After promulgation of the Court's report in these proceedings, 17 T. C. 101, the parties ascertained that because of the provisions of section 223 of the Revenue Act of 1950, amending section 502 of the Code, by enactment of new subsection (f), the Sacramento Corporation's income for 1946 was less than 80 per cent personal holding com-

---

[1] Proceedings of the following petitioners are consolidated herewith: N. M. Sellers and Gladys Sellers.

pany income, section 501 (a) of the Code. Section 502 (f) is retroactive in its effect. It was enacted after the briefs in these proceedings were filed.

The question presented for decision, and decided as Issue 2 in these proceedings, was whether certain income of Sacramento constituted royalties. That question has become a moot question because even if the income in question constituted royalties, as we held, nevertheless, upon eliminating rents from the class of personal holding company income, Sacramento Corporation's income from royalties, interest and dividends in 1946 amounted to less than 80 per cent of its gross income. The respondent now concedes that Sacramento Corporation was not a personal holding company in 1946.

It becomes necessary now to decide another, or fourth, issue in these proceedings. Since Sacramento Corporation was not a personal holding company in 1946, and, therefore, was not exempt from excess profits tax in 1946, is the Corporation, under section 710 (c) (3) (A) of the Code, entitled to carry-back to 1944, unused excess profits credit? The issue is presented by the pleadings.

*Issue 4.* The facts which are material to consideration of the question under consideration have been found under Issues 1 and 2 in the report in these proceedings which is found at 17 T. C. 101. It is unnecessary to restate the pertinent facts, but for convenience we repeat them here, briefly. The material facts are as follows:

Coca-Cola Bottling Company of Sacramento, Ltd., was engaged in the business of bottling Coca-Cola and held a "first-line bottler" sublicense from Pacific Coast Coca-Cola Bottling Company. As of January 1, 1944, a partnership known as Coca-Cola Bottling Company of Sacramento, hereinafter called the partnership, was organized. Sacramento Corporation, on January 1, 1944, granted to the partnership a sublicense to bottle and vend Coca-Cola in the entire territory covered by the corporation's license from Pacific Coast, and ceased to carry on the bottling and vending business. Sacramento Corporation, also, sold to the partnership, on January 1, 1944, its bottling equipment and machinery, and inventories in payment for which the partnership gave the corporation two notes in respective amounts of $36,577.32, and $138,565.55, which notes bore interest at the rate of 2 per cent. Also, the corporation leased improved property to the partnership for a term of 10 years.

Sacramento Corporation did not cease carrying on business, it was not dissolved, and there was no intention of dissolving. Sacramento Corporation carried on business during 1944, 1945, and 1946, and as far as the record here discloses is still in existence and carrying on business. The business consisted of receiving rents, royalties, dividends, and interest, and holding the sublicense from Pacific Coast and the

sublicense to the partnership, and holding real property which it leased.

There is no dispute between the parties about the foregoing facts. Respondent's position that Sacramento Corporation is not entitled to have the benefit of a carry-back of unused excess profits credit under section 710 (c) (3) (A) of the Code is founded upon his view that the rule adopted by this Court in *Wier Long Leaf Lumber Co.*, 9 T. C. 990, revd. (C. A. 5, 1949) 173 F. 2d 549; and in *Mesaba-Cliffs Mining Co.*, 10 T. C. 1010, revd. (C. A. 6, 1949) 174 F. 2d 857, should be applied here.

We think the cited decisions of this Court are not apposite, and that they are, upon their respective facts, distinguishable. Moreover, the facts here resemble closely the facts in *Whitney Manufacturing Co.*, 14 T. C. 1217, and we conclude that the view there expressed controls the question now presented. We said in *Whitney Manufacturing Co.*, *supra*, page 1221:

\* \* \* Although its principal business, and the business for which it was organized, the manufacture of cotton textiles, was discontinued in 1942, its corporate charter and all the rights and privileges of incorporation were retained. Petitioner took no steps to dissolve \* \* \* and, \* \* \* had no intention of dissolving.

In this proceeding, there was a similar situation. Sacramento Corporation continued in a business which was related to its bottling and vending business; it took no steps to dissolve; it had no intention of dissolving. Therefore, we hold that, under section 710 (c) (3) (A) of the Code, Sacramento Corporation is entitled to carry-back to 1944, unused excess profits credit from 1946, and the respondent erred in denying the corporation such carry-back.

Reviewed by the Court.

*Decisions will be entered under Rule 50.*